**In the Matter of Bruce J. GOLDBERG, Respondent.**

**No. 22S00–1007–DI–341.**

Supreme Court of Indiana.

Aug. 24, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count 1.* Respondent admits to a pattern of misconduct from 2003 through 2004 involving his handling of the funds of 42 clients, including failure to keep adequate records, having insufficient funds to cover checks written on his attorney trust account, commingling of personal and client funds, failure to hold client funds in trust, and using the funds of some clients to pay the filing fees of other clients. In responding to a grievance, he asserted that he had rectified the situation, but he had not.

*Count 2.* Respondent admits to a pattern of similar misconduct during 2007 involving his handling of client funds.

*Other facts.* The parties cite the following facts in aggravation: (1) Respondent engaged in a repeated and prolonged pattern of misconduct that put client funds at risk; (2) Respondent failed to take action to correct his trust account mismanagement for years after becoming aware of it, taking corrective action only after the Commission began a thorough investigation in 2010; (3) Respondent's pattern of misconduct demonstrates a gross disregard for protecting his client's property. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) Respondent's misconduct was not due to a dishonest or selfish motive.

**Violations:** The parties agree that Respondent violated these rules prohibiting the following misconduct:

Ind. Admission and Discipline Rules:

23(29)(a)(2) and (3): Failure to maintain proper records for trust account activities.

23(29)(a)(4): Failure to deposit funds received on behalf of clients intact.

23(29)(a)(5): Making withdrawals from a trust account without written withdrawal authorization stating the amount and purpose of the withdrawal and the payee.

Ind. Professional Conduct Rule 1.15(a): Failure to hold property of clients properly in trust, failure to hold property of clients separate from lawyer's own property, failure to safeguard client funds, and failure to maintain complete records of client trust account funds.

**Discipline:** The Court, having considered the submissions of the parties, now approves the following discipline proposed by the parties. In approving this discipline, the Court notes that nothing in the Commission's verified complaint or in the parties' conditional agreement suggests that any client funds were lost due to Respondent's misconduct.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, beginning September 16, 2011, with 30 days actively served and the remainder stayed subject to completion of two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, including:

(1) The terms of probation will include correction of all trust account errors, trust account monitoring by a Certified Public Accountant, completion of three continuing legal education (CLE) hours on trust account management, and completion of six CLE hours on law office management.

(2) Respondent shall have no violations of the Rules of Professional Conduct or the Admission and Discipline Rules during his probation.

(3) If Respondent violates his probation, his probation may be revoked and he may be required to actively serve the balance of the stayed suspension without automatic reinstatement.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who dissents, believing the sanction to be insufficient for the agreed misconduct.